**UNITED STATES DISTRICT COURT**
WESTERN DISTRICT OF WASHINGTON
OFFICE OF THE CLERK

BRUCE RIFKIN
CLERK

700 STEWART STREET
SEATTLE, WASHINGTON 98101

December 6, 2005

U.S. District Court
Clerk's Office
Eastern District of Michigan
231 W. Lafayette Blvd
Detroit, MI 48226

        RE:   MDL 1718 In re Ford Motor Co
                Our case no. C05-5422FDB Arlene Castrow v. Ford Motor Co
                Your case no. 2:05-74378
                Assigned to Judge Bernard A. Friedman

Dear Clerk,

Pursuant to the MDL Transfer Order, the above referenced case is transferred to your district. Enclosed via first class mail are the following:

1. Certified copy of the docket sheet
2. Certified copy of the complaint and amended complaint

Please acknowledge receipt of this case transfer by returning the copy of this letter in the enclosed envelope. Thank you.

Very Truly Yours,
BRUCE RIFKIN, CLERK

By: *Rhonda Stiles*
Rhonda Stiles, Deputy Clerk

05-CV-05422-ORD

United States District Court
Eastern District of Michigan
231 W. Lafayette Blvd.
Detroit, MI 48226

FILED LODGED ENTERED RECEIVED MAIL

DEC 0 1 2005   NOV 2 5 2005

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

November 16, 2005

C. 05-5422 FDB

Western District of Washington
Office of the Clerk
700 Stewart Street
Seattle, WA 98101

Re: MDL 1718 -- Ford Motor Co. Speed Control Deactivation Switch Product
Liability Litigation

| <u>Transfer of Civil Cases</u> | <u>WAE #</u> | <u>MIE #</u> |
|---|---|---|
| Arlene J. Castrow, et al, v Ford Motor Co. | 3:5-5422 | 2:05-74378 |

Dear Sir/Madam:

    Enclosed is a certified copy (or copies) of Transfer Order of the Judicial Panel on Multidistrict Litigation directing the transfer of the above referenced civil action(s) to the Eastern District of Michigan pursuant to 28 U.S.C. Section 1407. The Honorable Bernard A. Friedman is to preside over this litigation.

    <u>**If the case(s) has been entered into CM/ECF please e-mail the Clerk's Office at the addresses below after the case(s) has been closed. We will retrieve documents electronically. If case(s) is not available on the Internet, please provide ONLY a certified copy of the docket sheet and a certified copy of the complaint with any amendments.**</u>

    Eastern District of Michigan case numbers have been assigned and are referenced above.

    Should you have any questions regarding this request, please call me at the number below.

Sincerely,

David J. Weaver, Clerk

By: _____
Sarah Schoenherr
Data Quality Analyst
(313) 234-5090

Sarah_Schoenherr@mied.uscourts.gov

A CERTIFIED TRUE COPY

OCT 28 2005

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

F I L E D

NOV -4 2005

RELEASED FOR PUBLICATION

CLERK'S OFFICE
DETROIT

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 28 2005

FILED
CLERK'S OFFICE

DOCKET NO. 1718

## *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *IN RE FORD MOTOR CO. SPEED CONTROL DEACTIVATION SWITCH PRODUCTS LIABILITY LITIGATION*

*Michael T. Iley, et al. v. Ford Motor Co., et al.*, M.D. Florida, C.A. No. 8:05-1139
*Robert Nicholas Dill, Sr., et al. v. Ford Motor Co., et al.*, M.D. Florida, C.A. No. 8:05-1234
*Joseph T. Whittington v. Ford Motor Co.*, E.D. Louisiana, C.A. No. 2:05-2469
*Marcus Ebow v. Ford Motor Co.*, E.D. Michigan, C.A. No. 2:05-70781
*Arlene J. Castrow, et al. v. Ford Motor Co.*, W.D. Washington, C.A. No. 3:05-5422

## *BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN,[*] D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

## *TRANSFER ORDER*

This litigation currently consists of two actions pending in the Middle District of Florida and one action pending in each of the following districts: the Eastern District of Louisiana, the Eastern District of Michigan, and the Western District of Washington.[1] Defendants[2] move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Eastern District of Michigan. Plaintiffs in the Eastern District of Michigan action and the Western District of Washington action support centralization, but prefer transfer to the Western District of Washington. Plaintiffs in the Middle District of Florida actions and the Eastern District of Louisiana action oppose transfer; should the Panel centralize these actions, the former plaintiffs would favor their district as transferee district, while the latter plaintiff would opt for the Western District of Washington.

On the basis of the papers filed and hearing session held, the Panel finds that these five actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Michigan will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. These actions are putative class actions that share factual

---

[*] Judge Keenan took no part in the decision of this matter.

[1] The Panel has been notified of four additional actions pending respectively in the Southern District of Florida, the Southern District of Illinois, the Western District of Louisiana, and the Southern District of Texas. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] Ford Motor Co. (Ford), Karl Flammer Ford, Inc., and Bill Currie Ford, Inc.

A CERTIFIED TRUE COPY

OCT 2 5 2005

questions regarding whether certain Ford vehicles were equipped with defective or defectively installed speed control deactivation switches. Centralization under Section 1407 will order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to questions of class certification), and conserve the resources of the parties, their counsel and the judiciary.

Objecting plaintiffs cite the unique qualities of their respective actions, such as the scope of the proposed class and the particular remedies sought, as grounds for opposing centralization. These arguments are unpersuasive because the presence of differing theories or remedies is outweighed when the underlying actions still arise from a common factual core, as the actions do here. Transfer under Section 1407 will offer the benefit of placing all actions in this docket before a single judge who can structure pretrial proceedings to accommodate all parties' legitimate discovery needs while ensuring that the common party and witnesses are not subjected to discovery demands that duplicate activity that will or has occurred in other actions. Discovery with respect to any case-specific issues can also proceed concurrently with discovery on common issues. *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976). Section 1407 centralization will thus enable pretrial proceedings to be conducted in a manner that will lead to the just and expeditious resolution of all actions, which is to the overall benefit of all parties.

We are persuaded that the Eastern District of Michigan is an appropriate transferee forum for this litigation. The Eastern District of Michigan i) contains the first-filed action; and ii) is a likely source of relevant documents and witnesses inasmuch as Ford's headquarters are located there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions pending outside the Eastern District of Michigan are transferred to the Eastern District of Michigan and, with the consent of that court, assigned to the Honorable Bernard A. Friedman for coordinated or consolidated pretrial proceedings with the action pending in that district.

FOR THE PANEL:

/s/ Wm. Terrell Hodges

Wm. Terrell Hodges
Chairman